# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-50679
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 27, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Victor Valdez-Sandoval,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:23-CR-226-1

———————————————————————

Before Jolly, Engelhardt, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Victor Valdez-Sandoval appeals his 21-month, within-guidelines range sentence for illegal entry following deportation, *see* 8 U.S.C. § 1326(a) & (b)(1), contending that the sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because he was subject to an enhanced ten-year statutory maximum sentence based on a fact—his prior conviction for a felony

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

offense—that was neither pleaded in the indictment nor found by a jury beyond a reasonable doubt or admitted by him in pleading guilty. Valdez-Sandoval concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and that he seeks only to preserve the issue for possible Supreme Court review. Accordingly, he moves for summary disposition. The Government does not oppose the motion.

The parties are correct that Valdez-Sandoval's argument is clearly foreclosed by *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). Therefore, "there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), and summary disposition is proper. Accordingly, Valdez-Sandoval's motion for summary disposition is GRANTED, and the judgment is AFFIRMED.